IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLY D.,[1] | ) |
|       Plaintiff, | ) |
| | ) No. 18 C 5508 |
| v. | ) |
| | ) Magistrate Judge |
| ANDREW SAUL, Commissioner of Social Security,[2] | ) Maria Valdez |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kelly D.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 12] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

I.   PROCEDURAL HISTORY

On November 5, 2014, Plaintiff filed a claim for DIB, alleging disability since October 5, 2014 due to anxiety, depression, Raynaud's disease, carpal tunnel, narrowing in a heart artery, and leg pain due to bulging veins. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 3, 2016. Plaintiff personally appeared and testified at the hearing and was represented by a non-attorney representative. A vocational expert ("VE") also testified.

On March 29, 2017, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

II.  ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 5, 2014. At step two, the ALJ concluded that Plaintiff had the following severe impairments: chronic

venous insufficiency, varicose veins, and Raynaud's Syndrome and non-severe impairments of depression and anxiety. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform the full range of sedentary work.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a welder, retail sales attendant, industrial cleaner, or home attendant, all of which were performed at the light level of exertion. At step five, based upon Plaintiff's age, education, work experience and RFC, the ALJ applied Medical-Vocational Rule 201.25 (the "Grid"), which directed a finding that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former

occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the

ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

5

**III. ANALYSIS**

Plaintiff argues that the ALJ erred in several ways, including: (1) failing to properly support his Step 2 analysis of Plaintiff's anxiety and carpal tunnel, when he found them not to be severe impairments; and (2) not explaining how Plaintiff is capable of meeting the full demands of sedentary work without any other limitations.

The Court need not determine whether the ALJ's Step 2 analysis of the impairments of anxiety and carpal tunnel was adequately supported because it is well settled that "Step two is merely a threshold inquiry; so long as one of a claimant's limitations is found to be severe, error at that step is harmless." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019).

However, having determined that Plaintiff's anxiety and depression were non-severe impairments, the ALJ erred in failing to discuss in any meaningful way the effect of the impairments on Plaintiff's ability to work in a competitive environment. *See Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019) ("[T]he ALJ must later consider the limitations imposed by all impairments, severe and non-severe."). As SSR 96-8p explains, a Step 2 evaluation of the Paragraph B factors is not an RFC finding because "[t]he mental RFC assessment used at step 4 and 5 ... requires a more detailed assessment [than the one used at Step 2] by itemizing various functions" related to the Paragraph B factors. SSR 96-8p, 1996 WL 374184, at *4 (1996).

In finding Plaintiff not disabled by referring to the Grid, the ALJ implicitly found that Plaintiff's mental impairments had zero effect on her functional abilities. *See Murphy v. Colvin*, 759 F.3d 811, 819-20 (7th Cir. 2014) ("[I]f the claimant has exertional and non-exertional limitations, an ALJ cannot rely solely on the grids."). The decision, however, does not give this Court a window into the reasons the ALJ concluded that her anxiety, which was deemed an impairment at Step 2, did not affect Plaintiff's RFC. Furthermore, any conclusions the ALJ drew during his discussion of Plaintiff's mental health symptoms were not supported by substantial evidence.

The ALJ gave little weight to the opinion of non-examining medical consultant Tyrone Hollerauer, Psy. D. who concluded that Plaintiff suffered from a severe anxiety impairment, and apparently gave no weight to a consultative psychiatric evaluation of Herman P. Langner, M.D. which diagnosed Plaintiff with dysthymic disorder/generalized anxiety disorder. Among the ALJ's reasons for discounting the medical diagnoses is that Dr. Langner's statements "are, essentially, the only comments regarding a mental health impairment – except for claimant's self-report" and statements from individuals connected to Plaintiff. (R. 34.)

Not only was it impermissible for the ALJ to reject a medical report for no reason other than it was based upon Plaintiff's subjective statements, *see Glynn v. Berryhill*, 17 C 4312, 2018 WL 3785444, at *5 n.4 (N.D. Ill. Aug. 9, 2018), his description of the rest of the record was not even accurate. Immediately after

7

stating that there was no evidence of Plaintiff's anxiety, the ALJ mentioned a note from a medical office visit stating that Plaintiff is prone to being anxious, but disregarded it since the note did not state a definitive diagnosis. He then discounted a report from Loyola Medicine that described Plaintiff's anxiety about an upcoming surgery because it did not suggest "she is suffering and being constantly treated for anxiety." (R. 34.) In addition, Plaintiff testified that she was taking generic Xanax and Lexapro, and the ALJ's decision acknowledged that Plaintiff had taken Lexapro, a drug prescribed for anxiety and depression. However, he did not find her taking medication to be persuasive evidence of a mental health disorder because the Lexapro "was prescribed by her family doctor and not by a mental health professional." (R. 33.)

The ALJ worked very hard at minimizing all of the record evidence of Plaintiff's anxiety but did not provide adequate analysis that would allow this Court to review his rationale. Plaintiff's testimony about her anxiety symptoms was evidence, and the ALJ was incorrect to disregard it without giving any reasons for doing so. *See Overton v. Saul*, -- F. App'x --, 2020 WL 369477, at *2 (7th Cir. Jan. 22, 2020) (unpublished decision) (explaining that subjective statements of symptoms "are always subject to the ALJ's credibility assessment in light of the record" and that assessment would not be disturbed where "the ALJ cited specific reasons for discounting" the claimant's allegations of disabling symptoms); *see also Burmester v. Berryhill*, 920 F.3d 507, 510-11 (7th Cir. 2019) ("We may disturb the ALJ's credibility finding only if it is "patently wrong.").

The ALJ also erred by faulting Plaintiff for not seeking psychiatric care without fully exploring the reasons she did not do so. Plaintiff testified that over the years she had seen a number of therapists but that she could not commit to ongoing treatment, because she has great difficulty keeping appointments. (R. 75.) The ALJ did not conclude that this explanation was incredible, he simply found that her failure to seek psychiatric care doomed her claim. Finally, although the ALJ noted that her symptoms were controlled with Lexapro, he did not develop the evidence to determine whether they were controlled to the degree that Plaintiff could maintain competitive employment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 12] is granted. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:    June 11, 2020**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**